# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEVEN C. JONES,                          :

     Petitioner,                          :

                     Case No. 3:08cv00147

  vs.                                     :

                     District Judge Thomas M. Rose

TIMOTHY BRUNSMAN, Warden,                 :   Magistrate Judge Sharon L. Ovington
Lebanon Correctional Institution,

                      :

     Respondent.                          :

                      :

---

# REPORT AND RECOMMENDATIONS[1]

---

On November 23, 2010, the undersigned Judicial Officer filed a Report recommending that Steven C. Jones's Petition for Writ of Habeas Corpus be denied. The Report notified Petitioner that he may file written objections to the proposed findings and recommendations within seventeen days (fourteen days plus three days due to service by mail) after being served with the Report and Recommendations. (Doc. #18 at 999). The Report further notified Petitioner, "Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)." (Doc. #18 at 999).

Petitioner did not file Objections to the Report and Recommendations. On

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

December 10, 2010, after the time for filing his objections expired, the United States

District Judge conducted a de novo review of the Report and Recommendations and

issued a Decision and Entry adopting the Report and Recommendations.  In doing so the

District Judge dismissed Petitioner's habeas petition with prejudice and denied Petitioner

a certificate of appealability.  (Doc. #19).  The Clerk of Court entered Judgment against

Petitioner on December 14, 2010.  (Doc. #20).

Three weeks later Petitioner filed a Motion for Extension of Time to file a Notice

of Appeal.  (Doc. #21).  The Motion was granted in part, giving him until February 11,

2011 to file a Notice of Appeal.  (Doc. #22).  He has not filed a Notice of Appeal.

Instead, on February 15, 2011, Petitioner filed a Motion for Extension of Time to File

Objections to the Report and Recommendations.  (Doc. #23).

Although the time to file Objections and the time to file a Notice of Appeal have

expired, Petitioner seeks a sixty-day extension of the time to file Objections to the Report

and Recommendations.  He explains that such an extension is necessary because he is an

untrained pro se litigant who must rely on an inmate advisor, who is likewise untrained in

the law but "at least has some understanding of the law."  (Doc. #23 at 1011).  He further

explains that the inmate advisor upon whom he was initially relying was transferred to

another prison, "which placed Petitioner in the position seeking the assistance of another

inmate advisor."  *Id*.  Hence the delay in filing his objections.  His assures that his present

inmate advisor will be fully able to file his objections within sixty days.

Petitioner overlooks or ignores is that he did not file timely objections or a timely

2

motion to extend the time for filing objections. Consequently, upon a de novo review of the Report and Recommendations, the District Judge dismissed his habeas petition and judgment was entered against him. Petitioner's lack of legal training, his pro-se status, the fact of his incarceration, or the transfer of his inmate legal advisor to another prison did not hinder him from understanding the deadline he faced and did not present an insurmountable hurdle to his ability to file a motion seeking additional time to file objections to the Report and Recommendations. His present Motion therefore fails to present a sufficient basis for granting him an additional sixty days to file objections. *Cf. Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991)(affirming decision to dismiss civil rights case due to pro se plaintiff's failure to adhere to readily comprehended deadlines and pattern of delay).

        In addition, neither Petitioner's lack of legal training, his pro-se status, the fact of his incarceration, nor the transfer of his inmate legal advisor to another prison constitutes a basis for relieving him from the judgment entered against him on December 14, 2010. *See* Fed. R. Civ. P. 60(b).

## IT IS THEREFORE RECOMMENDED THAT:

1.    Petitioner's Motion for Extension of Time to File Objections (Doc. #23) be DENIED; and

2.    The case remain terminated on the docket of this Court.

February 28, 2011

       s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).